UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X

RENU K. KRIPALANI,                                          :
                                                            :
                              Plaintiff,                    :
                                                            :           12 Civ. 5609 (KBF)
                                                            :
                    -v-                                     :          MEMORANDUM OPINION
                                                            :              AND ORDER
AMR CORPORATION, AMERICAN                                   :
AIRLINES INC., and JOHN DOES 1 and 2,                       :
                                                            :
                              Defendants.                   :
                                                            :
--------------------------------------------------------------- X

KATHERINE B. FORREST, District Judge:

Plaintiff Renu K. Kripalani seeks relief for alleged shoving, harassment, and humiliation committed by flight attendants during a 2011 American Airlines flight from New York to St. Maarten.

Before this Court is defendants American Airlines, Inc. and AMR Corp.'s motion to dismiss all but one of plaintiff's causes of action. Defendants filed the instant motion on March 8, 2013. (ECF No. 14.) Plaintiff failed to file any timely opposition. By letter dated April 17, 2013 – well after the March 22, 2013 deadline for an opposition brief – plaintiff's counsel requested an extension to respond the motion until April 29, 2013. (ECF No. 19.) That deadline, too, has passed. The Court will therefore treat defendants' motion as unopposed. For the reasons set forth below, defendants' unopposed motion is GRANTED.

## FACTUAL ALLEGATIONS

On July 21, 2011, plaintiff was a passenger on American Airlines Flight No. 667 from John F. Kennedy Airport ("JFK"), New York to St. Maarten. (Compl. ¶ 13, ECF No. 1.) Plaintiff claims that, during the course of the flight, an unnamed American Airlines flight attendant, John Doe I, harassed her. (Id. ¶ 25.) She claims that, while she was standing and waiting to use the restroom, he accused her of taking his photograph with her cell phone camera. (Id. ¶ 15.) He then insisted that plaintiff delete the photograph. (Id.) When plaintiff told him that she had not taken his picture but was instead looking through her own photographs, John Doe I allegedly lunged backwards and pushed plaintiff. (Id. ¶ 17.) He then blocked her path and ordered her to return to her seat and stay there for the remainder of the flight. (Id. ¶¶ 18, 19.)

Once seated, plaintiff claims that John Doe I and another flight attendant, John Doe II, repeatedly harassed, humiliated, and threatened plaintiff, including promise of arrest and imprisonment upon her arrival at St. Maarten. (Id. ¶ 23.) Plaintiff alleges she remained fearful for the rest of the flight and, as a result, did not move or speak. (Id. ¶¶ 36, 37.) She also alleges, as a result of this treatment, headaches, stomach cramps, increased heart rate, and burning sensations in her urinary tract, which allegedly caused her incontinence. (Id. ¶¶ 38, 39.)

Upon arrival, plaintiff claims that defendants contacted the St. Maarten authorities to arrest her. (Id. ¶ 42.) The St. Maarten immigration authorities boarded the aircraft and escorted plaintiff off the aircraft. (Id. ¶ 43.) She was

detained by the immigration authorities for over five hours, where she was interrogated by defendants' representatives and the St. Maarten authorities. (Id. ¶¶ 44, 45.) The authorities examined plaintiff's cell phone and deleted some of its contents. (Id. ¶¶ 46, 47.) Plaintiff also contends the authorities did not find any photographs of John Doe I on plaintiff's phone. (Id. ¶ 48.) Plaintiff does not allege that St. Maarten authorities ever arrested her or charged her with any criminal act.

### STANDARD OF REVIEW

In response to a motion to dismiss, this Court "must accept as true all of the allegations contained in a complaint" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Thus, while "Rule 8 marks a notable and generous departure from hyper-technical, code-pleading regime of a prior era, it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Id. at 679 (internal punctuation omitted).

Although defendants' motion is unopposed, the Court nevertheless must assess whether, based on the complaint and governing law, the defendant is entitled to relief. See McCall v. Pataki, 323 F.3d 321, 322-23 (2d Cir. 2000) (holding that

3

district court erred in dismissing plaintiff's complaint based solely on plaintiff's failure to file a response to a motion to dismiss).

DISCUSSION

Plaintiff's complaint asserts thirteen counts.[1]  Specifically, she asserts a claim under the Montreal Convention, five common-law tort claims (negligence, gross negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and assault and battery), three Constitutional claims (violations of the Fourth, Fifth, and Eighth Amendments), two federal discrimination claims (violations of 42 U.S.C. §1981 and 42 U.S.C. §2000d), a New York State Human Rights law claim, and a New York City Human Rights law claim.  Defendants argue that the Montreal Convention preempts plaintiff's twelve other causes of action. The Court agrees.

<u>Montreal Convention</u>

The Montreal Convention preempts any state law causes of action relating to personal injuries sustained in the course of international air travel.  Article 29 of the Convention, entitled "Basis of Claims", describes the preemptive nature of the Convention:

> In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention . . .

Conv. for Int'l Carriage by Air ("Montreal Conv.") Art. 29, 1999 WL 33292734, at *38.

---

[1] While the complaint purports to contain fourteen counts, it lacks a Count X.

Thus, like the Warsaw Convention that preceded it, the Montreal Convention "precludes passengers from bringing actions under local law when they cannot establish air carrier liability under the treaty." El Al Israel Airlines v. Tseng, 525 U.S. 155, 175 (1999). This means that if an action for damages falls within one of the treaty's damage provisions, then "the Convention provides the sole cause of action under which a claimant may seek redress for his injuries." Weiss v. El Al Israel Airlines, Ltd., 433 F.Supp.2d 361, 365 (S.D.N.Y. 2006) (citing Tseng, 525 U.S. at 176). Article 17 applies only to legal claims for injuries suffered by passengers during "international carriage," however. See Montreal Conv. Art. 17, 1999 WL 33292734, at *33. So long as a plaintiff's injury occurs during embarking, disembarking, or the course of the flight, the injury meets the "international carriage" requirement and Article 17 preempts all other claims. See King v. American Airlines, 284 F.3d 352, 360 (2d Cir. 2002).

Here, plaintiff's tort, discrimination, human rights, and Constitutional claims all arise from physical and emotional injuries suffered during international flight and are therefore preempted by the Convention. See id. at 358-360 ("[As long as] the events giving rise to the claim occurred in the course of international 'carriage of passengers and baggage', the Montreal Convention preempts claims for discrimination under 42 U.S.C. §1981."); see also Turturro v. Continental Airlines, 128 F.Supp.2d 170, 180 (S.D.N.Y. 2001) (Montreal Convention preempts state tort actions for injuries sustained while in international carriage).

Plaintiff's counts numbered II-IX and XI-XIV are therefore preempted by the Convention and must be dismissed.

CONCLUSION

For the foregoing reasons, defendants' motion to dismiss Counts II, III, IV, V, VI, VII, VIII, IX, XI, XII, XIII, and XIV is GRANTED.  Only Count I, seeking relief under the Montreal Convention, shall proceed.

The Clerk of the Court is directed to terminate the motion at ECF No. 14.

SO ORDERED.

Dated:          New York, New York
               April 30 , 2013

                              _____
                              KATHERINE B. FORREST
                              United States District Judge